HOWARD A. SLAVITT (State Bar No. 172840)
JULIE GREER (State Bar No. 200479)
ZUZANA SVIHRA (State Bar No. 208671)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111
Phone:  (415) 391-4800
Fax:    (415) 989-1663

Attorneys for Plaintiffs
SONY MUSIC ENTERTAINMENT; ELEKTRA
ENTERTAINMENT GROUP; CAPITOL RECORDS;
ATLANTIC RECORDING CORP.; ARISTA RECORDS;
UMG RECORDINGS; and, VIRGIN RECORDS

ORIGINAL
FILED

SEP - 8 2003

E-filing

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

EMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and, VIRGIN RECORDS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RAYMOND MAALOUF,<br><br>Defendant. | Case No.:<br>C 03 4085<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein originated in this District.

**PARTIES**

4. Plaintiff Sony Music Entertainment Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5. Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7. Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8. Plaintiff Arista Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

10. Plaintiff Virgin Records America, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of New York.

11. Plaintiffs are informed and believe that Defendant is an individual residing in this District.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

12. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

13. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings, including but not limited to the copyrighted sound recordings identified in Exhibit A attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights (the "Copyrighted Recordings").

14. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

15. Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute

infringement of Plaintiffs' copyrights and exclusive rights under copyright.  (Exhibit B contains a complete listing of files Defendant has made available for distribution to the public.  In addition to the sound recordings listed on Exhibit A, many of the other sound recordings listed on Exhibit B are owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels.  Plaintiffs are informed and believe that virtually all of the sound recordings listed on Exhibit B have been downloaded, distributed and/or offered for distribution without permission of the respective copyright holders.)

16.  Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

17.  As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings.  Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

18.  The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs

are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant

1   also shall destroy all copies of Plaintiffs'
2   Recordings that Defendant has downloaded
3   onto any computer hard drive or server
4   without Plaintiffs' authorization and shall
5   destroy all copies of those downloaded
6   recordings transferred onto any physical
7   medium or device in Defendant's possession,
8   custody, or control."

10   2.   For statutory damages for each infringement of
11   each Copyrighted Recording pursuant to 17 U.S.C. Section
12   504.

14   3.   For Plaintiffs' costs in this action.

16   4.   For Plaintiffs' reasonable attorneys' fees
17   incurred herein.

5. For such other and further relief as the Court may deem just and proper.

```
                    HOWARD A. SLAVITT
                    JULIE GREER
                    ZUZANA SVIHRA
                    COBLENTZ, PATCH, DUFFY & BASS LLP

                    By  [signature]  9/5/03
                        Zuzana Svihra
                        Attorney for Plaintiffs
                        SONY MUSIC ENTERTAINMENT;
                        ELEKTRA ENTERTAINMENT GROUP;
                        CAPITOL RECORDS; ATLANTIC
                        RECORDING CORP.; ARISTA
                        RECORDS; UMG RECORDINGS; and,
                        VIRGIN RECORDS
```

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Plaintiff SONY MUSIC ENTERTAINMENT INC.'s parent company is Sony Corporation of America, which is publicly traded in the United States.

Plaintiff ELEKTRA ENTERTAINMENT GROUP INC. is a subsidiary of Warner Communications Inc.; Time Warner Companies Inc.; and, AOL Time Warner Inc., which is publicly traded in the United States.

Plaintiff CAPITOL RECORDS, INC.'s parent corporation is EMI Group PLC, a company publicly traded in the U.K.

Plaintiff ATLANTIC RECORDING CORPORATION is a subsidiary of Warner Communications Inc.; Time Warner Companies Inc.; and, AOL Time Warner Inc., which is publicly traded in the United States.

1  Plaintiff ARISTA RECORDS, INC. is a unit of Bertelsmann,
2  Inc., which is not publicly traded.

3

4  Plaintiff UMG RECORDINGS, INC.'s parent corporation is
5  Vivendi Universal, S.A., which is publicly traded in the United
6  States.

7

8  Plaintiff VIRGIN RECORDS AMERICA, INC's ultimate parent is
9  EMI Group PLC, which is publicly traded in the U.K.

```
                          HOWARD A. SLAVITT
                          JULIE GREER
                          ZUZANA SVIHRA
                          COBLENTZ, PATCH, DUFFY & BASS LLP

                          By  [signature]           9/5/03
                              Zuzana Svihra
                              Attorney for Plaintiffs
                              SONY MUSIC ENTERTAINMENT;
                              ELEKTRA ENTERTAINMENT GROUP;
                              CAPITOL RECORDS; ATLANTIC
                              RECORDING CORP.; ARISTA
                              RECORDS; UMG RECORDINGS; and,
                              VIRGIN RECORDS
```