ROBERT TED PARKER (SBN 43024)
BERG & PARKER LLP
Four Embarcadero, Suite 1400
San Francisco, California 94111
Telephone: (415) 397-6000
Facsimile: (415) 397-9449

Attorneys for Defendant
RAYMOND MAALOUF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RAYMOND MAALOUF,<br><br>Defendant. | Case No. C 03 4085 EMC ADR<br><br>**ANSWER TO COMPLAINT DENYING ALLEGATION OF COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Defendant RAYMOND MAALOUF ("Defendant") now answers the Complaint against him alleging copyright infringement, and denies any and all such allegations, and further admits or denies the specific allegations of the Complaint and states affirmative defenses, as follows:

**JURISDICTION AND VENUE**

1. Defendant admits the allegations of the nature of the case in paragraph 1.

2. Defendant admits the allegations of subject matter jurisdiction in paragraph 2.

3. Defendant admits the allegations of personal jurisdiction of paragraph 3.

1472.001answer

## PARTIES

4. Answering paragraph 4 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

5. Answering paragraph 5 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

6. Answering paragraph 6 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

7. Answering paragraph 7 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

8. Answering paragraph 8 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

9. Answering paragraph 9 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

10. Answering paragraph 10 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

11. Defendant admits that he resides in this District, as alleged in paragraph 11.

## ALLEGED INFRINGEMENT OF COPYRIGHTS

12. Defendant denies the allegations of paragraph 12.

13. Answering paragraph 13 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

14. Answering paragraph 14 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

## AFFIRMATIVE DEFENSES

Defendant hereby assets the following Affirmative Defenses in this case:

19. Plaintiffs fail to state a claim against Defendant on which relief can be granted.

20. Plaintiffs have failed to join indispensable parties.

21. Plaintiffs' claims for relief are barred by the safe harbors of 17 U.S.C. §512.

22. Plaintiffs' claims would infringe the First, Fourth and Fifth Amendments to the U.S. Constitution.

23. Plaintiffs' claims are barred by the First Sale doctrine.

24. The action is barred by the doctrine of Laches, as Plaintiffs made no attempt to enjoin the file-sharing practices of which they complain, and thus have allowed the website www.KaZaA.com to continue to make songs freely available on the Internet to the network of KaZaA users, permitting the practice of music file-sharing from websites such as www.KaZaA.com to continue for a substantial time, so as to become common practice among teenage schoolchildren, freely discussed and utilized in school classes.  Plaintiffs' inaction or ineffectiveness in preventing the practices of the users of the KaZaA website, allowing KaZaA's continued viability, has allowed students, including members of Defendant's household, to justifiably assume that any such file-sharing was a completely legal practice.  Plaintiffs are thus guilty of laches, in that their inaction thereby lulled such students into the belief that any such file-sharing, especially as an adjunct to school activities, was acceptable to Plaintiffs.  Plaintiffs' delay and inaction in allowing such file-sharing by the network of KaZaA users through www.KaZaA.com was inexcusable and prejudicial to Defendant and members of his household by reason of their change of position in reliance as a result of such delay.  Plaintiffs' inaction and delay justifiably gave Defendant and members of his household the belief that any file-sharing from the KaZaA website was legitimate and authorized.

Berg & Parker LLP

25. Plaintiffs' action is barred by Estoppel, in that, although Plaintiffs knew the facts of any alleged file-sharing by Defendant or his household, Plaintiffs acted in such manner that said household members were entitled to, and did, believe that the continued availability of songs on the KaZaA website was intended by Plaintiffs, and any actions to download were induced by, and done in reliance on, Plaintiffs' conduct.

26. Any file-sharing by Defendant or members of his household was done, if at all, with Innocent Intent, in that said persons believed in good faith that any such conduct did not constitute an infringement of copyright.

27. Some or all of the purported infringements alleged by Plaintiffs are barred by the statutes of limitations set forth in section 507 of the Copyright Act, 17 U.S.C. §507, and also set forth in California Civil Code §339(1).

28. Plaintiffs' claims are barred by the Fair Use doctrine. Any copying or usage of music by Defendant or members of his family or household was done strictly for personal use or nonprofit educational, scholarship, research, criticism or comment purposes put to productive use in studying music and performance styles as an adjunct to school music classes, or in lieu of music classes not offered in school for budgetary reasons, or for use in school classes. The method of sharing music files from the website www.KaZaA.com was freely discussed by teachers and students in schools attended by members of the Defendant's household, universally practiced by schoolmates of said household members, and resulting recordings were openly utilized in school classes attended by said household members. The practice of sharing files through the KaZaA website was thus for the sake of broadening the students' and teachers' understanding of the musical subject matter, and was thus for a socially beneficial and widely accepted purpose. Any such copying was thus without negative connotation to students, and was indeed encouraged within the school environment. The recordings obtained by said students' file-sharing from the KaZaA website could not have been for any commercial purposes:  indeed,

during all relevant times, said students, including members of Defendant's household, continued to buy substantial quantities of CDs manufactured and sold by Plaintiffs at high retail prices. Thus any file-sharing by said household members had no adverse effect on the potential market for or value of its copyrighted works. Further, any file-sharing was technologically possible only in obtaining an entire song, regardless of the intended use of the work thereafter. Any file-sharing of songs through the website www.KaZaA.com by Defendant or members of Defendant's household was for nonprofit educational purposes, and thus under the protection of the Fair Use Doctrine set forth in Section 107 of the Copyright Act, 17 U.S.C. § 107.

29. Plaintiffs are not entitled to equitable relief, as each of them unduly restricts access to music by assertion of rights beyond those provided in the Copyright Act. As such, Plaintiffs have misused their copyrights and have wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act and thereby violate the antitrust laws. Defendant reserves his right to bring an action against Plaintiffs, or any of them, for antitrust violations.

30. Plaintiffs are not entitled to equitable relief, as each is guilty of conduct directly related to the merits of the controversy between the parties, sufficient to affect the equitable relations between the parties, and sufficient to invoke the doctrine of unclean hands. Defendant and his household have been personally been injured by Plaintiffs' said conduct, which continued at least through the time of filing of this action.

31. Plaintiffs' action is barred by the doctrine of Collateral Estoppel, as there has been a prior copyright infringement action that determined that file-sharing analogous to that which Plaintiffs' here assert was not unlawful.

32. Plaintiffs' claims are barred to the extent they claim copyright in works that are immoral, illegal or libelous.

33.   Plaintiffs' claims are barred because of deceptive and misleading advertising in connection with distribution of the copyrighted works.

34.   Plaintiffs cannot recover as Plaintiffs heretofore waived, licensed, abandoned or forfeited any rights previously held under the Copyright Act, surrendered by operation of law.

WHEREFORE, Defendant prays this Honorable Court for the following relief:

1. For dismissal of the Plaintiffs' action with prejudice;

2. For an order that Plaintiffs' shall take no relief from their complaint herein;

3. For an award of Defendant's costs and attorneys' fees herein incurred; and

4. For such further and other relief and the Court deems fair and just.

DATED:  October 28, 2003                    BERG & PARKER LLP


                                            By:  /s/ Robert Ted Parker
                                                 Robert Ted Parker
                                            Attorneys for Defendant
                                            RAYMOND MAALOUF

1472.001
ANSWER

## PROOF OF SERVICE

The undersigned declares as follows:

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action. My business address is Four Embarcadero Center, Suite 1400, San Francisco, California.

On October 28, 2003, I served the foregoing **Answer to Complaint Denying Allegations of Copyright Infringement** on the attorneys of record/interested parties in this action:

☑ by placing a true copy(ies) enclosed in an envelope for mailing to the following address on the date shown above following our ordinary business practices. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

Howard A. Slavitt
Julie Greer
Zuzana Svihra
Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
(415) 391-4800
(415) 989-1663 – Fax
Attorneys for Plaintiffs

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 28, 2003 at San Francisco, California.

                                                     /s/ Mushen Aldridge
                                                      Mushen Aldridge

*Berg & Parker LLP*